

E-FILED

Wednesday, 09 May, 2007 11:24:25 AM
Clerk, U.S. District Court, ILCD

FILED

MAY - 9 2007

JO... ... ... ..., Clerk
U.S DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

DERRICK COOKS

    Petitioner-Defendant,

                CR No: 03-100004-001

                HON. MICHAEL M. MIHM
                JUDGE

Vs.


UNITED STATES OF AMERICA
    Plaintiff-Respondent,

_____/_____


# MEMORANDUM BRIEF IN SUPPORT OF MOTION TO VACATE OR CORRECT SENTENCE UNDER 28 U.S.C §2255

    **NOW COMES**, Petitioner-Defendant, Derrick Cooks pro-se, respectfully moves this Honorable Court, pursuant to 28 U.S.C. §2255, to correct his sentence in violation of 21 U.S.C. 841 (a)(1) possession of cocaine base with intent to distribute. The petitioner states in support of his motion.

## STATEMENT OF THE CASE

### A. Procedural History.

    On January 6, 2003, a criminal complaint was filed against the petitioner in the United States District Court of Illinois. On January 23, 2003, the petitioner was charged before this Court in a two count indictment, with one count of possession more than 5 grams of cocaine base with the intent to distribute. in violation of .21 U.S.C. 841 and count two possessing a firearm

(1)

in violation of 18 U.S.C. 924 (c)(1). On July 22, 2003, the petitioner was found guilty by a jury of both counts of the indictment. On November 14, 2003, this Court imposed a sentence within the guidelines range of 120 months with a Criminal History Category I, and a Base Offense level 30. A timely notice of appeal was filed in the Seventh Cicuit Court of Appeals. On Feburary of 2006, the Seventh Circuit entered an opinion of judgment affirming the decision of the district court, and petitioner's conviction. The petitioner sought relief by filing a writ of certiorari before the United States Supreme Court (cert denied), May 22, 2006.

**Jurisdiction**

This is the first time that petitioner have ever pursued a 2255 collateral relief and is within the statutory limitation one-year period since he filed a writ of certionari as the time begin to run from that date of denial. See Gendron v. United States, 154 F.3d 672, 674 (7th Cir. 1998).

(2)

**Cause is not applicable**

Under the principle in Massaro v. United States, 155 LEd.2d 714, 123 S.Ct (2003), cause is no longer required as ineffective assistance of counsel can be pursued in collateral proceeding under 28 U.S.C. 2255 regardless of the fact it was not presented on direct appeal. The Supreme Court noted that the procedural default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources, and respect the law important interest in the finality of judgments. id at 720 The Courts haved addressed the matter of cause by reasoning that s showing is not required with respect to ineffective assistance of counsel. See Carpenter v. Mohr, 163 F.3d 938, 947 (6th Cir. 1998). Alder v. Burt, 240 F.S.2d 651 (E.D. Mich 2003). Ineffective assistance of counsel may be cause for procedural default. id at 667. Consistent with those ruling as followed in the case of United States v. Salazar, 323 F.3d 852, 855 (10th Cir. 2003) cause may be shown by ineffective assistance of trial or appellate counsel, citing Murray v. Carrier, 477 U.S. 478,491-92. id at 825

These cases indicate that cause can be excused only on the basis of ineffective assistance of counsel for failing to provide adequate legal representation in a criminal proceeding. In addition, petitioner's cause is supported in view of his two grounds of ineffective assistance of counsel as stated (1) counsel was constitutionally ineffective as he relieved the Government fromit's burden of proof by advising petitioner stipulate to the evidence including Crack Cocaine without seeking a expert in scientific drug analysis to rebut the Government's

(3)

evidence which violated his Due Process Rights, and (2) counsel

was constitutionally ineffective as he relieved the Government

from it's burdenof proof in failure to make a objection at

sentencing regarding the issue of crack cocaine, and not

familiarizing himself with the United States Sentencing Guidelines.

### S T A T E M E N T  O F  F A C T S

On January 1, 2003, petitioner was pulled over by

officer Anthony Fillingham for speeding. Afterwards, the officer

had explained to petitioner the reason for stopping him. Then

petitioner was asked to show some identification of his driver's

license.Petitioner stated that he had just finish work at Wal-

Mart and was headed home. The officer thought the statement

was confusing because petitioner's residence was at 204 Shannon

Drive, MaComb, which was in the opposite direction. When questioned

about this, petitioner told the officer that he had driven home

and then decided to go and purchase gasoline. The officer sub-

sequently returned to his vehicle to start writing a ticket.

While he was writing the ticket, the officer took notice that

the petitioner was moving in his vehicle. Petitioner was moving

towards the console area of the vehicle several times. At that

time, a second patrol car arrived at the scene. While officer

Fillingham was searching the vehicle, the petitioner stood back

away from the vehicle with the second police officer. Petitioner

then advised the second officer that there was a firearm in

(4)

the vehicle. The firearm was loaded and had a round in the chamber. The petitioner was then placed under arrest and taken to the McDonough County jail. While in custody, petitioner was asked to remove his jacket. As petitioner took off his jacket, a plastic baggie fell out of the jacket. The baggie contained over 20 individually wrapped baggie containing a total of 39.3 grams of crack ccocaine.

## A R G U M E N T   I

**Counsel was constitutionally ineffective as he relieved the
Government from it's Burden of Proof by advising petitioner
stipulate to the evidence including Crack Cocaine without
seeking a expert in scientific drug analysis to rebut the
Government's evidence which violated his Due Process Righs.**

The petitioner finally contends that his sentence should be
corrected or reversed, due to counsel's ineffective representation
at trial and sentencing,

**STANDARD OF REVIEW:**

Ineffective assistance claims are reviewed under the two
part test of Strickland v. Washington, 466 u.S. 688 (1984).

In order to prove ineffective assistance of counsel, the
defendant must prove (1) that counsel's conduct was not within
the wide range of reasonable professional assistance, and (2)
that counsel's deficiencies probably changed the outcome of
the proceeding.; Gravely v. Miller, 87 F.3d 779, 785 (6th Cir.
1996). To establish prejudice, the defendant must show " a
reasonable probability exist that, but for counsel error's the
result of the proceeding would have been different. Wickline
v. Mitchell, 319 F.3d 813-819 (6thCir.2003)(quoting Strickland);
Hardamua v. United States, 319 F.3d 943, 948 (6th Cir. 2003).

(6)

## Stipulations.

While the proceeding of pre-trial were taking place counsel **(Robert F. Nemzin)** had petitioner to admit to possession of a weapon and narcotics. (Tr. at 8-9). Yet, in the same course of pre-trial the record clearly show that counsel advised petitioner to stipulate to critical evidence and expert witnesses. (Tr. at 13-14).

In view of the fact counsel may have to a certain extent discussed the stipulations with petitioner regarding possession of the firearm and narcotics. Consequently, counsel had failed in explaining the critical distinctions between cocaine base and crack cocaine prior to petitioner agreeing to those stipulations. As here, counsel took no concern about petitioner understanding the penalty consequences for crack cocaine but relied totally on the government's drug analysis report. The evidence of the drug analysis report of which the government had adduced was solely basic. There was a positive test result of cocaine base in which only 2.5 grams of that were chunky substance as such findings had not been analyzed to determine if whether it was, crack cacaine. See ( Exhibit A).

As a matter of these findings from the drug analysis report, counsel actually had petitioner to indirectly plea guilty by stipulating to facts that have not been sufficiently challenged. Basically, as a principle standard a counsel should not always stipulate to facts before testing the waters. This would be

(7)

a situation similar like in the case of Lewis v. Lane, 832 F.2d
1446 ( 7th Cir. 1987), where counsel's agreement to stipulate
to existence of four prior felony convictions without asking
State's attorney whether he had actual proof of those convictions
in the form of certified copies. Instead, counsel relied on
petitioner's uninformed representation that he thought the in-
formation contained in the "FBI" rap sheet " was accurate,
without explaining to petitioner the importance of that information
and the critical distinctions between arrest and convictions
and between felony and misdemeanor. As a result, the Court noted
that counsel's error in this respect was so serious and prejudice
to petitioner defense. id at 1458

It is without a doubt, that the government's entire case
was predicated strongly on petitioner's stipulation where counsel
conceded as he throw in the white towel although a lack of a
preponderance of the evidence existed. Even considering the
fact that petitioner stipulated to crack cocaine under counsel
advise, it is still not enough evidence to establish that the
government has carried it's burden of proof. In fact, it is
counsel advise which convinced the petitioner to take a leap
of faith to challenge the government by a jury trial then while
in the middle of the episode relieved them from proven it's case.
The results of this situation is like in the case of United
States v. Glover, 97 F.3d at 1345, 1349 (10th Cir. 1996)(citing
Kissick, 69 F.3d at 1048) holding when counsel has unwittingly

(8)

relieved the government of it's burden of proof, it cannot
be relied on as having produced a just result". The same principle
is followed in the case of Patrasso v. Nelson, 121 F.3d 297
(7th Cir. 1997), held where "counsel entirely fails to subject
the prosecution's case to meaningful adversarial testing then
there has been a denial of Sixth Amendment rights that makes
the adverary process itself presumptively unreliable. id at
304. The Sixth Circuit even adopted this very same principle
of Patrasso in the case of French v. Jones, 332 F.3d at 439,
where the court applied the sceond of **Cronic's** three exceptions
to **Strickland** rule which those failures were so egregious that
they did not requiring a showing of actual prejudice. id

Even with the government's resources of a back up plan
to rely on a potential expert witness to testify that the sub-
stance in the drug analysis report was crack cocaine, it does
not alone let counsel off the hook. At best, if necessary that
a fornsic scientist would have testified, only the 2.5 grams
of chunky substance was possibly in the form of crack cocaine.
Clearly from the result of the drug test, the complete 36.8
grams of cocaine base as identified as chunky substance is not
conclusive so technically petitioner only stipuated to the 2.5
grams of possible crack, while the other rest should have been
disputed by counsel. Realizing the hardship of this case, counsel
should have knew that petitioner was in a handicap position

(9)

after making him stipulate to evidence as critical as **crack**
without disputing it was fundamentally unfair and objectively
unreasonable under the standard of Strickland.

In addition, counsel course of action to conced to a weak
position of the government's evidence without considering to
consult an expert in scientific chemical analysis, eliminated
petitioner's constitutional rights to have one presented at
his defense. Taking on such a case as this, an expert was needed
because the issue of crack are usually best determined from
the battle of experts. When disputing about facts relative to
crack and cocaine base and given a scientific definition on
complex matters are within the field of experts like the one
petitioner should have had, and not stipulations. Defense counsel
apparently knew that the government was not short in their
position to present an expert for it's defense.

Without petitioner's own expert he could not possibly survive
to challenge the evidence. However, the Court's acknowledge
that when counsel fails to obtain an expert witness for defense
it is not sound trial strategy nor tactical in view of Strickland.
The First, Fifth and including the Ninth Circuit have taken
great concern to conclude by reasoning that conusel's failure
to consult an expert witness under the circumstances involving
each of these cases was render constitutionally ineffective
assistance. The First Circuit in Dugas v. Cuplan, 428 F.3d 317,

even held that counsel's failure not to consult an expert or
educate himself on the techniques of defending an arson case
is inexcusable based on a "tactical decision" to pursue uninformed
cross-examination of the State's experts. In short, the Court
opined that counsel failure to thoroughtly investigate the "not
arson" defense and seek expert assistance cannot be classified
as a conscious, reasonably informed tactical decision. id at
332. Similar, in the case of Thompson v. Calderon, 120 F.3d
1045 (9th Cir. 1997), the Ninth Circuit noted that trial counsel's
failure investigate, develop, and present evidence rebutting
the State's forensic evidence of rape fell below a reasonable
standard of professional representation. id at 1053. Like the
two other cases as mention, the Fifth Circuit in Soffar v. Drette,
368 F.3d 441, 472 (5th Cir. 2004), held defense counsel were
deficient in not seeking out a ballistics expert where there
were such readily apparent discrepancies between the ballisitics
evidence and State's theory of the case. id at 479 (Emphasis
Added).

It was essential for counsel to have consulted an expert
in scientific chemical analysis where the lab results, they
are not indicative of "crack cocaine" rather, the labs simply
state the substance tested is "cocaine base" but do not specify
if the cocaine base rises to the level of "crackcocaine". As
stated by the government for purpose of their defense could
have relied on a forensic scientist to verify the lab test that
the chemical substance was crack cocaine. (Tr. 55-57).

(11)

However, though, given a contrary opinion from a different expert could have probably changed the story as like in the **Edward's** case. In United States v. Edwards, 397 F.3d 570 (7th Cir. 2003). The facts in that case indicated at a subsequent hearing the government's expert, Dr. James DeFrancesco testified that on the basis of laboratory testing, the substances in Edward's possession were cocaine base. He opined further that the substance were crack cocaine, basing this conclusion not on scientific tests or expert examination but on the definition in the Sentencing Guidelines 2D1.1 (c), Note (D). Because DeFrancesco relied exclusively on the legal definition of "cocaine base" rather than scientific evidence, the district court rejected his conclusion that the substance Edwards possessed were crack.

Tossing the coin on a different face. Edward's expert, Dr. Michael Evans, agreed with Dr. DeFrancesco that the substance were cocaine base in the chemical sense but testified that they did not constitute crack. His laboratory tests revealed none of the telltale signs of crack; among other things the substance did not exhibit the color or form that result from the processing of mixing cocaine hydrochloride (powder cocaine) with sodium

Footnote
In deciding how best to present the defense, counsel considered a strategy to have petitioner stipulate to possession of crack cocaine on the basis of the government not been able to prove beyond a reasonanle doubt that he had the intent to distribute it was a unreasonable strategy. Even from a logical point of view, this choice of strategy made no sense considering the fact that petitioner had possession of the narcotics while driving in his vehicle with a firearm. In order for the government to have proven beyond a reasonable doubt to convict petitioner in violation of 21 U.S.C. 841 (a)(1) it was required to show that he (1) knowingly or intentionally possessed cocaine base, (2) possessed the cocaine base with the intent to distribute it, and (3) knew that the cocaine case was a controlled substance.

(12)

bicarbonate to produce crack. The district court accepted Dr.
Evans' conclusion and found by a preponderance of the evidence
the substance in Edward's possession were noncrack form of
cocaine base. id at 573. In comparsion to the Edward's case,
Dr. Michael Evans, also testified in a unpublished case 04-CR-
709 of United States v. Robert Collions. See (attached copy).
The court found, based both on the persuasive of the experts,
as well as the scientific substance of their test, that the
substance was cocaine base, but was not crack coaine. In its
ruling, the court relied directly on Evan's testimony while
rejecting the government's expert witness. The court further
explained its reasoning, evidence was presented from a qualified
expert who testified unequivocally that the government's testing
did not prove the presence of crack. The testimony of the govern-
ment agents was considerable less than airtight, given the
admission that there is variation in the appearance of both
crack and powder cocaine, and Evan's testimony regarding the
lack of a distinctive odor of crack. And even though there is
no doubt that the informant negotiated to buy, and Collions
negotiated to sell, crack cocaine, their agreement to deal in
that substance is far less than conclusive. id at 10.

See, United States v. Griffin, 194 F.3d at 816 (7th Cir.
2002). This was not so hard to prove from the evidence presented
at trial, and the government could have meet the three elements
as indicated in Griffin. However, the court in Jackson v. Herring,
42 F.3d 1350, 1367 ,(11th Cir. 1995), held that a "strategic
decision cannot be reasonable when the attorney has failed to
investigate his options and make a reasonable choice between
them. id As here, counsel failed to make a reasonable sound
strategic choice in petitioner's case, no doubt, the jury could
have found him guilty of having possession of the narcotics
alone under the statute 841(a)(1).

Because in this case, counsel advised petitioner to
stipulate and failed to consult an expert in scientific chemical
analysis, he certainly relieved the government of its burden
of proof. In fact, as a matter of law, crack cocaine is cocaine
base, though not all forms of cocaine base are crack cocaine.
See United States v. Adams, 125 F.3d 586, 590-92 (7th Cir. 1997).
The issue of "tug of war " over **crack cocaine verses cocaine
base** can only be resolved by an expert that specialize in the
field of chemistry or such matters to know the difference between
the two substances.

Where, as here, counsel failed to put forth any effort
to consult an expert that was specialized in the field of
chemistry, science or a intoxicologist as like Dr. Michael Evans.
There is a reasonable probability that had counsel obtained
an expert witness for petitioner's defense that his testimony
could have evaluated the issue more profoundly than what the
government may have presented. At least, the jury would have
heard both sides of the experts theory and to know the real
meaning of **crack cocaine** from a scientific definition instead
of petitioner's lay-man interpretation by his stipulation under
counsel advise. Because this is a serious case involving a
narcotics offense, especially crack, juror's can be easily
persuaded from evidence by the government on the strengh they
are accusing petitioner of a crime which is offensive to America.
Without an expert witness to turn the waves on the behalf of
petitioner, he had no real chance of a defense.

(14)

Under these circumstances, there is a reasonable probability that, but for counsel's deficient performance the resulting trial would have been different. Counsel unprofessional conduct of advising petitioner to stipulate and failure to consult an expert witness so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

## A R G U M E N T    I I

**Counsel was constitutionally ineffective as he relieved the Government of its Burden of Proof in failure to make an Objection at sentencing regarding the issue of Crack Cocaine, and not familiarizing himself with the United States Sentencing Guidelines.**

Unfortunately, counsel was of no great assistance during the scenario at sentencing where he again relieved the government from carrying its burden of proof. This resulted from counsel failure to raise an objection regarding the issue of crack cocaine as the United States Sentencing Guidlines require that a higher sentence must be imposed under the 100: to 1 ratio standard. Because stipulations were agreed to by petitioner under counsel misguided advise does not excuse his obligation of the Sixth Amendment. Considering the overall evidence there was no apparent reason for counsel to have had petitioner to stipulate to crack cocaine when the lab result of cocaine base is not conclusive by itself. In fact, counsel had no need to conced when it is the burden of the government rather than petitioner to obtain a conviction. The critical part of the

(15)

problem here begin with the fact that crack is cocaine base while not all forms of cocaine base are crack. Because the sentence for distributing "crack" is more severe than that for distributing other forms of cocaine base, the government must prove by a preponderance of the evidence that the "cocaine base" was "crack". Of course, counsel in his deficient performance actually took away this burden from them. To clarify, the district court in the case of United States v. Aguilar, 90 F.S.2d 1152 (D.Colo 2000), emphasized this principle as set forth in **Glover,** 97 F.3d at 1349 (where the court found that counsel's failure to hold the prosecutor to it's burden at sentencing to show the type of methamphetamine upon which the sentence was based constituted ineffective assistance of counsel. The court further noted that such conduct was outside the range of reasonable professional competence. Aguilar, 90 F.S.2d at 1171-72.

Similar, the Fifth Circuit in United States v. Acklen, 47 F.3d 739 (5th Cir. 1995) confronted the issue of whether counsel was ineffective for failing to object at sentencing to the assumption that the methamphetamine involved was d-methamphetamine and l-methamphetamine. The court opined in concluding that the record does not demonstrate as a matter of law that counsel acted reasonably. id at 742.

As like in **Acklen and Glover** situation, counsel made the same assumption about such facts of the cocaine base involved in petitioner's case, no such evidence suggested that the substance in the lab report was crack. Based upon the amount of drug:

(16)

quality which petitioner possessed the Court imposed a sentence
of 120 months under the U.S.S.G. a 100: to 1 ratio standard
for crack. The Court determined that petitioner's based offense
level should be 30. From a practical view, had counsel been
more familiar with the U.S.S.G. he would have recognized that
petitioner sentence was much greater for crack than if the
substance was non-crack form. Considerably, other than crack,
petitioner should have had a sentencing range of a base offense
level 14 which is 15-21 months almost a eight year difference.
Certainly the problem is from counsel lack of knowledge, skill,
and experience in this field of law because he only begin to
practice federal law in April of 2003. See (counsel Aff.).

Here, counsel was licensed to practice federal law only
a few short months before petitioner's alleged charge in January
23, 2003. Basically, counsel took on a case without understanding
the practice of federal laws regarding rules or sentencing issues
because his mind set was still at a State's level. Because
counsel was not very well experienced at dealing with this type
of issue petitioner had to suffer a higher penalty on his account.
Essentially, a reasonable competent counsel would not have acted
in the manner as counsel did here but rather challenged the
insufficiency of the evidence. As a result, counsel conduct
taken together was not within the wide range of professional
competence. For the record, it never had crossed petitioner's
mind that he would expect to receive a sentence of 120 months
on the strength of crack, but thought part of it was based on

(17)

a prior conviction. It would appear essentially that in view of the circumstances of counsel deficient performance, petitioner is entitled to have an evidentiary hearing to determine if counsel's decision was a strategic one, and if so, whether the decision was a sufficient informed one. See, Hayes v. Woodford, 301 F.3d 1054, 1094 (9th Cir. 2002); Sparman v. Edwards, 154 F.3d 51, 52 (2nd Cir. 1998); and United States v. Ziegenhagen, 890 F.2d 937 (7th Cir. 1989).

## C O N C L U S I O N

**Wherefore,** for the above stated reasons therein, petitioner request that this Court consider the merits of his case, and grant him judicial relief.

Prepared by:

Quentin Burl

Inmate

Respectfully submitted

Derrick Cooks

Derrick Cooks
Reg # 13084-026
P.O. Box 1000
Milan, MI 48160

**(18)**

## C E R T I F I C A T E   O F   S E R V I C E

Petitioner says that on the ___7___ day of May 2007, he served

a true copy of the following document(s) with sufficient postage

prepaid thereon, and deposited in the United States mail at

Milan, Michigan 48160 Upon

> Greggory Walters
> Assistant U.S. Attorney
> One Technology Plaza
> 211 Fulton Street, Suite 400
> Peoria, IL 61602

A copy which is attached thereto: and same deposited in

the United States mail at Milan, Michgan 48160

> **MEMORANDUM BRIEF IN SUPPORT OF MOTION TO VACATE
> OR CORRECT SENTENCE UNDER 28 U.S.C. §2255**
>
> **AFFIDAVIT IN SUPPORT OF MOTION TO VACATE
> OR CORRECTION OF SENTENCE UNDER 28 U.S.C. §2255**
>
> **MOTION FOR AN APPOINTMENT OF COUNSEL IN SUPPORT
> OF PETITIONER'S §2255**

Prepared by:                          Rspectfully submitted,

*Quentin Burt*                        *Derrick Cooks*

Inmate                                Derrick Cooks
                                      Reg # 13084-026
                                      P.O. Box 1000
Mail Box Rule                         Milan, MI 48160

(19)

Houston v Lack, 487 U.S. 266



MAY – 9 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

DERRICK COOKS                                      CR 03-10004

     Petitioner–Defendant,          Honorable Michael M. Mihm
                                 District Judge

Vs.


UNITED STATES OF AMERICA
     Plaintiff–Respondent,
_____/



— —— — — — — — — — —— — —

J O I N T   A P P E N D I X

— —— — — — — — — — — — — —

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC 20543-0001

**William K. Suter**
Clerk of the Court
(202) 479-3011

May 22, 2006

Mr. Derrick T. Cooks
Prisoner ID # 13084-026
F.C.I.
Box 1000
Milan, MI 48160

      Re:  Derrick T. Cooks
           v. United States
           No. 05-10481

Dear Mr. Cooks:

    The Court today entered the following order in the above-entitled case:

    The petition for a writ of certiorari is denied.

                Sincerely,

                *William K. Suter*

                **William K. Suter,** Clerk