




E-FILED
Wednesday, 09 May, 2007 11:57:01 AM
Clerk, U.S. District Court, ILCD

FILED
JAN 2 3 2003
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 03-** 10004 |
| | ) | |
| **DERRICK COOKS,** | ) | **VIO: 21 U.S.C. §§ 841(a)(1) and** |
| | ) | **841(b)(1)(B); 18 U.S.C. §§ 924(c) and 2** |
| **Defendant.** | ) | |

# INDICTMENT

The Grand Jury charges:

## Count One

On or about January 1, 2003, in McDonough County, within the Central District of Ilinois,

**DERRICK COOKS**

the defendant herein, did knowingly possess more than five (5) grams of a mixture and substance containing cocaine base (crack), a Schedule II controlled substance, with the intent to distribute;

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## Count Two

On or about January 1, 2003, in McDonough County, within the Central District of Illinois,

**DERRICK COOKS**

the defendant herein, during and in relation to a drug trafficking crime, namely possession of cocaine base (crack) with the intent to distribute as charged in Count One of this Indictment,





knowingly possessed and carried a firearm, namely a Bryco, Model 38, .380 caliber, semi-automatic pistol bearing serial number 512950, in furtherance of a drug trafficking crime;

In violation of Title 18, United States Code, Sections 924(c) and 2.

A True Bill,

s/ Foreperson

Foreperson

s/ U. S. Attorney

JAN PAUL MILLER
UNITED STATES ATTORNEY

GRW

E-FILED
Wednesday, 09 May, 2007 11:57:07 AM
Clerk, U.S. District Court, ILCD

AO 245B8 (Rev. 8/01) Judgment in a Criminal Case (CDIL)
Sheet 1



# UNITED STATES DISTRICT COURT

Central District of Illinois

UNITED STATES OF AMERICA
V.

**Derrick Cooks**

## JUDGMENT IN A CRIMINAL CASE

(For Offenses Committed On or After November 1, 1987)

Case Number: **03-10004-001**

Robert F. Nemzin
Defendant's Attorney

FILED
NOV 17 2003
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☒ was found guilty on count(s) 1 and 2 after a plea of not guilty.

**Accordingly,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 841(b)(1)(B) | Possession of Cocaine Base with Intent to Distribute | 11/1/03 | 1 |
| 18 USC 924(c) | Possession of a Firearm in Connection with a Drug Trafficking Crime | 11/1/03 | 2 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. S -0315

Defendant's Date of Birth. '1973

Defendant's USM No.: 13084-026

Defendant's Residence Address:

In Custody: Peoria County Jail
301 N. Maxwell Road
Peoria, IL 61604

Defendant's Mailing Address:

Last Known Addres
Chicago, IL 60629

November 14, 2003
Date of Imposition of Judgment

s/ Michael M. Mihm
Signature of Judicial Officer

Michael M. Mihm
U. S. District Judge
Name and Title of Judicial Officer

Nov 17, 2003
Date



DEFENDANT: Derrick Cooks
CASE NUMBER: 03-10004-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 120 months on Count 1 and 60 months on Count 2, to run consecutively.

☒ The court makes the following recommendations to the Bureau of Prisons:

It is recommended that the defendant serve his sentence in a (1) minimum security facility as close to his family in Chicago, Illinois, as possible; specifically FCI, Milan, MI or FCI, Pekin, IL. (2) It is further recommended that he serve his sentence in a facility that will allow him to participate in the Comprehensive Drug Treatment Program; and, (3) maximize his exposure to educational and vocational opportunities.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ______________ ☐ a.m. ☐ p.m. on ______________ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before on ______________ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

______________________________________________

______________________________________________

______________________________________________

Defendant delivered on ______________ to ______________

at ______________ , with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Derrick Cooks
CASE NUMBER: 03-10004-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 8 years on Count 1 and 3 years on

**Count 2, to run concurrently.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Derrick Cooks
CASE NUMBER: 03-10004-001

## SPECIAL CONDITIONS OF SUPERVISION

1. You shall refrain from any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician. You shall, at the direction of the probation office, participate in a program for substance abuse treatment including testing to determine whether you have used controlled substances and/or alcohol. You shall pay for these services as directed by the probation officer. 2. You shall not own, purchase, or possess a firearm, ammunition, or other dangerous weapon.

DEFENDANT: Derrick Cooks
CASE NUMBER: 03-10004-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 200.00 | $ | $ |

☐ The determination of restitution is deferred until ______ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| TOTALS | $ ______ | $ ______ | |

☐ If applicable, restitution amount ordered pursuant to plea agreement $ ______

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the ☐ fine and/or ☐ restitution.

☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.





DEFENDANT: Derrick Cooks
CASE NUMBER: 03-10004-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [x] Lump sum payment of $ 200.00 due immediately, balance due

[ ] [ ] not later than ______________, or
[ ] in accordance with [ ] C, [ ] D, or [ ] E below; or

B [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] E below); or

C [ ] Payment in ________ (e.g., equal, weekly, monthly, quarterly) installments of $ ________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ] Payment in ________ (e.g., equal, weekly, monthly, quarterly) installments of $ ________ over a period of ________ (e.g., months or years), to commence ________ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.