E-FILED
Monday, 16 July, 2007 12:41:33 PM
Clerk, U.S. District Court, ILCD

```
            UNITED STATES DISTRICT COURT
        FOR THE CENTRAL DISTRICT OF ILLINOIS
                    AT PERORIA
```

DERRICK COOKS                              Civil No: 07-1117
    Petitioner,

Vs.                                        **FILED**

UNITED STATES OF AMERICA                   JUL 1 6 2007
    Respondent,
                                           JOHN M. WATERS, Clerk
_____/         U.S. DISTRICT COURT
                                           CENTRAL DISTRICT OF ILLINOIS

            Petitioner's Reply Brief In Opposition
            To The Government's Response Of Section §2255


                        Introduction

   The petitioner now submits his reply brief for the proposition that this Honorable Court should consider whether the government has carried its burden of proof with respect to the controlled substance of crack cocaine under the merits of his ineffective assistance of counsel claim. The government in its Brief on page 3-6 takes the opposition to claim that defense counsel trial strategy to enter into a stipulation for petitioner having possession of crack cocaine was a reasonable basis of defense. Further, the government would appear to suggest that because the evidence was overwhelming of which could not have been disputed that petitioner only viable defense was that he was guilty of simple possession of the drugs.

   The alternative left defense counsel to advise petitioner to accept this theory of defense with the presumption that as a matter of law, petitioner could not be found guilty of the

firearm in relation to a drug trafficking offense. The government would have this Court to believe that because of the nature of the crime that defense counsel had no other option and that the discovery material forced his hands to stipulate to the substance as crack cocaine. An overall view of the specific facts from the police reports which referred to the seized substance as crack, combined with the laboratory result merely characterized the contraband to the government's description of the crime. Despite the result of facts, defense counsel 25 years of experience in private practice along with criminal defense should have allowed him to pursue a better avenue for trial strategy. Just because defense counsel has had extensive years of experience in the practice of criminal law does make a difference on whether he committed a constitutional error in which should not be credited to him as a safety net.

    Even if counsel offered his affidavit to indicate that petitioner never raised a question concerning the nature of the controlled substance it does not discharge him from challenging a issue of due process. Moreover, the statutory language of 841(a)(1) sealded a promising conviction either way, rather that petitioner had simple possession of crack, or that he intended to distribute it. There was no relief coming regarding the nexus of the firearm because having simple possession of crack would not had any impact to change the firearm conviction. The undisputed fact that petitioner had

(2).

in his possession drugs is overwhelming proof, but whether if it was crack is questionable. This option was certainly left open for dispute had counsel would have consulted with an expert in the field of scientific drug analysis. An expert testimony could have given petitioner the foundation of evidence to demonstrate the different drug type between crack cocaine and cocaine base. Without been able to offer this sort of testimonial evdience it was impossible for petitioner to have disputed the government's theory. Defense counsel taking a crack cocaine case before a jury trial hoping that the petitioner will get a enormous break merely on a simple possession is nothing more than having the gun itself.

**The Stipulations were objectively unreasonable**

The fact that defense counsel decided to enter a stipulation on crack without a challenge can never be considered a ground for sound trial strategy. Especially in a case like petitioner's where the evidence is basically a incomplete laboratory test and reports that only characterize the substance as crack. For example, the lab result refer only to the controlled substance as cocaine base without any other findings such as mixture of sodium bicarbonate, color or the percentage of pure cocaine. The Seventh Circuit has made this specifically clear that all crack coaine is cocaine base, though not all forms of cocaine base are crack cocaine. See, United States v. Admas, 125 F.3d 586, 590-92. id  The same goes for the police reports as well because alleging the substance as crack does not demonstrate

(3).

otherwise that it was crack. Even petitioner's own indictment can simply allege something of the nature but the law would require that it still be proven. While these documents may have been relevant material defense counsel reliance on them to stipulate can not justify his rational to discharge the government of its burden of proof. Given that counsel advised petitioner to agree with the stipulation already defeated any way for relief a part from the firearm charge as section 841 (a)(1) provide three factors to which a conviction can be obtained. See, United States v. Griffen, 194 F.3d at 816 (7th Cir. 2002). This defense strategy made it impossible for petitioner to have escaped the firearm conviction because all that was needed is to demonstrate his possession of a controlled substance. To the extent that counsel probably thought that by having petitioner stipulate to possession of crack would some how alter the outcome of the case was greatly mistaken.

Importantly, the application of law of which the government is using in the case of United States v. Giangrosso, 779 F.2d 376 (7th Cir. 1985), does not support its proposition with regards to petitioner's case. Whether something is reasonable or not is based on the facts of the partucular case, viewed at the time of counsel conduct. United Stated v. Holman, 314 F.3d 837, at 840 (7th Cir. 2002). Considering this point of arguement that there is no lesser offense conceding to guilt of petitioner's simple possession of crack than it would be for distributing the drugs as neither one makes any important difference under the statute of 841 (a)(1).

(4).

**Prejudice is not required under a presumption.**

The government believes that they had no problem proving the cocaine substance was crack even without petitioner stipulation. Directing most of its focus primarily on the testimony from trained police officers that are experienced in the streets with drug dealers that distribute cocaine. Several officers testified at trial that the seized packages of individual wrapped cocaine substance from petitioner was later identified as crack cocaine. At best, their testimony given offered nothing more than a street term definition as defined within the United States Sentencing Guidelines 2D1.1 (c). Being familiar with the street term definition of crack is far from an expert testimony on scientific issues concerning the chemistry involved to properly explain the complex nature of the substance. So far as the police officers testimony been relevant or important as indicated in the government's brief on page 16, citing United States v. Anderson, 450 F.3d at 301 (7th Cir. 2006), as their testimony was never put into question from another expert. As like in petitioner's case where his counsel should have had an expert to testify on the drug type and quality. Because cocaine base includes mostly other mixtures to make up the form of crack only a real expert was able to explain this before a jury. When counsel has failed to obtain an expert witness that is needed in a particular case, then actual prejudice is presumed under

(5).

Strickland. See, Petitioner Brief on gpage 9-11. Although petitioner need not demonstrate how he was prejudice from counsel's action to relieve the government of its burden of proof, as a result to disregard an expert witness. Prejudice is absolute since this case involved cocaine base referred to as crack, then a jury could not had just inferred because crack is made up of ingredients of a scientific nature. The jury had no way of knowing if whether the officers which testified at trial was given a simple street term definition of crack or a meaning from scientific facts. As such, the officer's testimony can not be taken as proof that the cocaine substance which petitioner had in his possession was actually, crack. Their trained experience in the area of the streets to recognize cocaine does not come close to compare with the same level of an expert in the field of science, or chemistry for that matter. This was already indicated in petitioner's 2255 motion on page 13, citing United States v. Collions, case 04-CR-709. However, the jury would have knew the difference had an expert testified on the behalf of petitioner to dispute their degree of knowledge about the facts of crack cocaine. Of course an expert that is well experienced in this particular field of scientific facts would have had no problem separating the wheat from the--chaff. Further, the forensic scientist was never called to testify and since petitioner is now in dispute against the stipulation, then that potential evidence has no credibility. However, if it were left

(6).

up to the battle of the experts from both sides of the defense, then the jury would have to draw their conclusion off the better persuasion of facts. The prejudice of this case in not so much the issue on whether the government failed to prove the relevant facts of crack, but rather that defense counsel never thought to bring in a an expert witness for petitioner at trial.

The obvious fact that counsel was deficient in petitioner's case, this Court need to **"second guess"** his performance under the standard of Strickland, as petitioner did not receive a fundamental fair trial.

## CONCLUSION

**Wherefore,** for the above stated reasons therein, petitioner is asking that this Court not to just take the views of the government because they have the favor of the law, but to rather consider whether if petitioner had a fair trial as a result of counsel ineffectiveness of assistance. In an alternative, petitioner believe that he is entitled to an evidentiary hearing under the circumstance of the claim againt defense counsel deficient performance.

Prepared by:

*Quentin Burt*
Inmate

Respectfully submitted,

*Derrick Cooks*
Derrick Cooks
Reg. #13084-026
P.O. Box 1000
Duluth, MN 55814

(7).

# CERTIFICATE OF SERVICE

Petitioner says that on the __10__ day of July 2007, he served a true copy of the following document with sufficent postage prepaid thereon, and deposited in the United States mail at Duluth, MN 55814 upon:

Gregory Walters
Assistant U.S. Attorney
One Technology Plaza
211 Fulton Street, Suite 400
Peoria, Il 61602

A copy which is attached thereto: ans same deposited in the United States mail at Duluth, MN 55814

**Petitioner's Reply Brief In Opposition
To The Government's Response of Section §2255**

Respectfully submitted,

*Derrick Cooks*

Derrick Cooks
Reg. # 13084-026
P.O. Box 1000
Duluth, MN 55814