## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| DERRICK T. COOKS  )<br>  )<br>         Petitioner,  )<br>    v.  ) | Case No. 07-1117 |
|   )<br>UNITED STATES OF AMERICA  )<br>  )<br>         Respondent.  ) | |

### ORDER

Before the Court is Petitioner Derrick T. Cooks' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  For the reasons set forth below, Cooks' Motion [#1] is DENIED.

### BACKGROUND

On July 22, 2003, a jury convicted Petitioner Derrick Cooks ("Cooks") of possession with intent to distribute cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1), and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  The jury made a special finding that the possession with intent to distribute offense involved "five (5) grams or more of cocaine base (crack)."  On November 14, 2003, the Court sentenced Cooks to the mandatory minimum sentences of 120 months of imprisonment for the possession with intent to distribute count, and 60 months of imprisonment for the firearm count.  The Seventh Circuit affirmed the judgment on February 15, 2006, and the Supreme Court denied Cooks' petition for writ of certiorari on May 22, 2006.

On May 9, 2007, Cooks timely filed the instant petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2255. Cooks argues that he received ineffective assistance of counsel both at trial and at sentencing because his counsel unreasonably advised him to enter into a stipulation that the controlled substance was 39.3 grams of cocaine base (crack) and also failed to challenge the finding of 39.3 grams of cocaine base (crack). The Court ordered the Government to respond to Cooks' § 2255 Motion, and Cook has filed a traverse. The issues are now fully briefed, and this Order follows.

## DISCUSSION

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.3d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Federal courts lack power under § 2255 to rectify errors that fall short of "vitiating the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Broadway v. United States*, 104 F.3d 901, 903 (7th Cir. 1997).

Specifically, with respect to a claim of ineffective assistance of counsel, a petitioner must establish: (1) his attorney's performance was deficient; and (2) this deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

With respect to the first prong of the test, the petitioner must show that his attorney's performance fell below an objective standard of reasonableness, and the court's inquiry into the attorney's performance is "highly deferential." *Id*. at 689. Counsel is presumed to have made reasonable strategic choices, and "there is a strong presumption that any decisions by counsel fall within a wide range of reasonable trial strategies." *Valenzuela v. United States*, 261 F.3d 694, 698-99 (7th Cir. 2001).

The second prong of the *Strickland* test requires the petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 689. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Here, Cooks must satisfy both prongs of the test in order to meet his burden, and a finding against him on either prong ends the inquiry. *Id.* at 697 ("there is no reason for a court . . . to address both components of the inquiry if the defendant makes an insufficient showing on one").

In summary, Cooks states that, upon the advice of his trial counsel, he stipulated that the controlled substance in question was 39.3 grams of crack cocaine. He states that his counsel failed to advise him that sentences for crack distribution are harsher than sentences for cocaine powder distribution. Cooks argues that his counsel should have forced the government to prove that the drug was crack cocaine, and instead unreasonably urged Cooks to "indirectly plea guilty by stipulating to facts that have not been sufficiently challenged." Petition, at 7. Cooks states that, despite the government's extensive evidence that the drugs at issue were crack cocaine, his counsel should have retained an expert in chemical analysis and presented a "battle of the experts," and that "there is a reasonable probability that had counsel obtained an expert witness for petitioner's defense that his testimony could have evaluated the issue more profoundly that what the government may have presented." Petition, at 14. Cooks' essentially presents the same arguments with respect to the reasonableness of his attorney's conduct at sentencing — it was constitutionally impermissible for his attorney to have advised him to stipulate and therefore to relieve the government of its burden of proof of establishing that the drugs were crack cocaine.

In response, the Government argues both that the conduct of Cooks' counsel in advising him to stipulate to drug type and weight was reasonable (and in fact prudent trial strategy under the circumstances), and that Cooks has failed to establish that he was prejudiced.

Even if the Court accepts as true each of Cooks' allegations that his counsel failed to inform him that the Sentencing Guidelines punish possession of crack more harshly than punishment of other forms of cocaine, *see U.S. Sentencing Guidelines Manual* § 2D1.1(c) n.(D), and disregards the Government's extensive arguments regarding the propriety of defense counsel's trial strategy in this case and overall commendable representation, Cooks has failed to establish that he is entitled to relief under 28 U.S.C. § 2255 because Cooks has not made any competent showing that the substance he possessed was anything other than crack cocaine, that is, that the outcome of his trial and sentencing would have been and different if he had received different advice from his attorney.

In a recent decision, *United States v. Trice*, 484 F.3d 470 (7th Cir. 2007), the Seventh Circuit confronted a nearly identical "ineffective assistance of counsel" challenge. In *Trice*, one of the co-defendants pled guilty pursuant to a plea agreement in which he stipulated that he conspired to deliver crack cocaine. *Id*. at 473. On direct appeal, the defendant argued that he received ineffective assistance under *Strickland* when his attorney "acted unreasonably by not advising him that sentences for crack distribution are harsher than sentences for cocaine powder distribution." *Id*. at 475. The defendant argued that he was prejudiced in that he would not have pled guilty because "crack is scientifically no different than cocaine." *Id*. The Seventh Circuit stated, "[The defendant] bears the burden of proving that his sentence would have been different had his attorney acted reasonably, but he has not offered evidence – or even alleged – that the substance he possessed was cocaine powder." *Id.* at 475-76. The Seventh Circuit went on to

4

favorably cite the Tenth Circuit decision of *United States v. Gray*, 192 F.3d 762, 182 (10th Cir. 1999). In *Gray*, the defendant argued that his counsel was ineffective for allowing him to plead guilty to possession of crack, thereby admitting a sentencing factor and relieving the government of its burden at sentencing. The court concluded,

> [B]ecause he claims that he should not have been sentenced for possession of crack, he must prove that the drugs central to his conviction were not crack, *cf Hill*, 474 U.S. at 59 (where ineffectiveness claim based on failure to advise of potential defense, prejudice inquiry turns on likelihood of success of defense). Having failed to claim the existence of evidence that the drug involved was not crack, appellant cannot meet the prejudice prong of his ineffective counsel claim.

*Id*. at 768.

Here, Cooks has not claimed the existence of evidence that the drug involved in his criminal case was not crack cocaine, nor has he even genuinely alleged that it *was* anything other than crack cocaine. Under *Trice* and *Gray*, this is fatal to his claim. Moreover, at trial, two law enforcement officials, who were competent on the subject, testified that the off-white, rock-like substance found in Cooks' possession was crack cocaine. *See United States v. Anderson*, 450 F.3d 294, 301 (7th Cir. 2006) ("We have repeatedly held that the government can prove a substance is crack by offering testimony from people familiar with the drug . . . ."). Had Cooks not stipulated that the substance was crack, the Government would have called the forensic scientist who examined 36.8 of the 39.3 grams of the drugs and concluded that it was cocaine base.[1] Given Cooks' stipulation to the drug type and weight at trial, an objection to those issues at sentencing would have been frivolous, and for the same reasons Cooks cannot show prejudice

---

[1] In his petition, Cooks' erroneously states that the forensic scientist tested only 2.5 grams of the substance, leaving 36.8 grams of the 39.3-gram quantity untested. The Government argues, and the Court agrees, "It's the other way around: 36.8 of the 39.3 grams were forensically tested. To the extent [Cooks] is arguing his attorney was ineffective for stipulating that the 2.5 grams that was not tested was cocaine base (crack), he cannot show prejudice. The 36.8 grams that were tested, in conjunction with petitioner's felony drug conviction, were more than enough to meet the 10-year mandatory minimum threshold of 21 U.S.C. § 841(b)(1)(B)." Gov't Resp., at 16 n.2.

with respect to the stipulation at trial, he cannot demonstrate prejudice in the context of his sentencing hearing.

As the Seventh Circuit noted in *United States v. Booker*, 260 F.3d 820, 823-24 (7th Cir. 2001), there are only two types of cocaine base: crack cocaine and unprocessed, raw cocaine. Cooks has not offered any evidence drugs in his case were unprocessed, raw cocaine based found in South America, and accordingly, his claim must fail.

## CONCLUSION

For the reasons set forth above, Cooks' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [#1] is DENIED.

ENTERED this 16th day of August, 2007.

                                                              s/Michael M. Mihm
                                                              Michael M. Mihm
                                                              United States District Judge