E-FILED
Wednesday, 29 August, 2007  11:19:39 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

FILED
AUG 29 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DERRICK T. COOKS,        *
                         *
     Petitioner,         *
                         *
                         *
vs.                      *     Case No. 07-1117
                         *
                         *
UNITED STATES OF AMERICA,*
                         *
     Respondent.

**PETITIONER'S MOTION FOR LEAVE TO FILE CONSOLIDATED
MOTION TO RECONSIDER AND/OR AMEND JUDGMENT**

  **COMES NOW**, the Petitioner, Derrick T. Cooks, pro se, pursuant to and under the aegis of the provisions of Rule 59(e), Federal Rules of Civil Procedures, respectfully moves this Honorable Court to Reconsider and/or Amend the Judgment entered on August 16, 2007, and states as follows for the Court's consideration.

  1.  Specifically, that the Petitioner is filing in this matter pro se and in light of the Supreme Court's decision in the case of <u>Haines v. Kerner</u>, 404 U.S. 519, 30 L.Ed.2d 652, 92 S.Ct. 963 (1972), which holds that allegations  of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers.

  2.  Specifically, that the instant motion is timely filed because it is being filed ten (10) days within the time frame as specified by the Rule under 59(e), consistent with <u>Houston v. Lack</u>, 487 U.S. 266, 101 L.Ed.2d 245, 108 S.Ct. 2379 (1988), which deems the motion filed at the moment of delivery to prison authorities for mailing to court.

1.

3. Specifically, that the Court may apply the Federal Rules of Civil Procedures, as appropriate, to Section 2255 Motions. See Rule 12 of the Federal Rules of Criminal Procedures, Governing Section 2255 Proceedings. Additionally, Rule 59(e) of the Federal Rules of Civil Procedures allows a party ten (10) days to file a motion to alter or amend a Judgment. See Turner v. Chicago Housing Authority, 771 F.Supp. 924 (7th Cir. 1992).

4. For the reasons herein stated, and predicated on authorities cited, infra, Petitioner respectfully requests this Honorable Court to reconsider its decision and order as entered, and upon such reconsideration, would Amend its decision and grant Petitioner the relief prayed for in his Motion for Post-Conviction Relief, and to which he is otherwise entitled.

### ARGUMENTS AND POINTS OF AUTHORITIES

In his Motion filed pursuant to 28 U.S.C. §2255, and Memorandum of Law in Support, Petitioner argued that he received ineffective assistance of counsel both at trial and at sentencing because his attorney unreasonably advised him to enter into a stipulation that the controlled substance was 39.3 grams of cocaine base 9crack) and that his attorney also failed to challenge the findinds of 39.3 grams of cocaine base (crack).

In their Response, the Government argued that both the conduct of Cooks' counsel in advising him to stipulate to drug type and weight was reasonable (and in fact prudent trial strategy under the circumstances), and that Cooks has failed to establish that he was prejudiced. (Order at pg 4).

2.

Furthermore, this Court's Order goes on to conclude that: "Here, Cooks has not claimed the existence of evidence that the drug involved in his criminal case was not crack cocaine, nor has he even genuinely alleged that it was anything other than crack cocaine....Had Cooks not stipulated that the substance was crack, the Government would have called the forensic scientist who examined 36.8 of the 39.3 grams of the drug and concluded that it was cocaine base. Given Cooks' stipulation to the drug type and weight at trial, an objection to those issues at sentencing would have been frivolous, and for the same reasons cooks cannot show prejudice with respect to the stipulation at trial, he cannot demonstrate prejudice in the context of his sentencing hearing." (Order at pgs 5,6). This Court went on to ultimately conclude that: "There are only two types of cocaine base:crack cocaine and unprocessed, raw cocaine Cooks has not offered any evidence drugs in his case were unprocessed, raw cocaine base found in South America, and accordingly, his claim must failed." (Id. at pg 6).

In United States v. Stadler, 696 F.2d 59, 62 (8th Cir. 1982), the Circuit held that, to ensure that the agreement to such a stipulation, the responsibility rest with the district court to ensure that stipulations are made knowingly and intelligently. See also United States v. Mulloy, 3 F.3d 1337, 1341 (9th Cir. 1993)(standard for determination of constitution validity is more lenient when conviction is obtained upon stipulated facts than when conviction is based upon plea).

This Court, in relying upon United States v. Trice, 484 F.3d 470 (7th Cir. 2007); citing: United States v. Gray, 182 F.3d 762,768 (10th Cir. 1999), has determined that, because Petitioner has not claimed the existence of evidence that the drug involved in his criminal case was crack cocaine, nor has he even

3.

genuinely alleged that it was anything other than crack cocaine. "Under Trice and Gray, this is fatal to his claim." To the contrary, the cases cited in Petitioner's Memorandum of Law in Support of his verified filing under § 2255 clearly sets forth Petitioner's contradiction that the substance that he possessed was in fact cocaine, rather than, crack cocaine (base). More important, under Trice, Petitioner realizes that "he bears the burden of proving that his sentence would have been different had his attorney acted reasonably." Id. at 475-76.

In Trice, each of the defendants in that case pled guilty. Petitioner, on the other hand, did not. Trice is disstinguishable in every since of the word, therefore, the Court erred in its analogy in this regard. In United States v. Broce, 488 U.S. 563, 570 (1989), the Supreme Court affirmed the premised that by pleading guilty, the defendant admits all of the elements of the charged crime. See e.g., United States v. Gonzales-Alvarez, 277 F.3d 73, 79-80 (1st Cir. 2002) (defendant's guilty plea encompassed admission of all factual elements, even those not precisely known to defendant). On the other hand, courts have held that a stipulation of facts was not a de facto guilty plea, and court had to establish that defendant voluntarily and knowingly agreed to the stipulation. United States v. Lawson, 682 F.2d 1012. 1015 (D.C. Cir. 1982)(stipulation not equivalent to guilty plea because defendant stipulated only to what witnesses would have said, **not to veracity of their testimony).**

In United States v. Edwards, 397 F.3d 570 (7th Cir. 2005), a case decided after Petitioner's appeal, but during the pendency of habeas proceedings. The Circuit held that "All crack is cocaine base but not all cocaine base is crack." Id. at 571. The Seventh Circuit held in Edwards that, "this case presents the question of whether this distinction is meaningful for purposes of the enhanced

4.

penalties for cocaine base offense under 21 U.S.C. § 841(b)." The statue prescribes a mandatory minimum sentence of ten years for the manufacture, distribution, or possession with intent to manufacture or distribute 50 grams or more of "cocaine base."

In Edwards' case, <u>Edwards</u> offered pleas of guilty while reserving his right to contest the nature of the substances involved; he admitted they contained cocaine but denied it was either cocaine base or crack. The district court held Edwards' pleas were knowing and voluntary but deferred accepting them to avoid triggering Edwards' immediate detention and to await determination of the nature of the substance at an evidentiary hearing. At the subsequent hearing the government's expert, Dr. James Defrancesco, testified that on the basis of laboratory testing, the substances in Edwards' possession were cocaine base. He opined further that the substances were crack cocaine, basing this conclusion not on scientific tests or expert examination but on the definition in the Sentencing Guidelines, which reads:

> "Cocaine base," for the purposes of this guideline, means "crack."
> "Crack" is the street name for a form of cocaine base, usually
> prepared by processing cocaine hydrochloride and sodium bicarbonate,
> and usually appearing in a lumpy, rocklike form.
>
> 397 F.3d at 572.

More important, because Defrancesco relied exclusively on the legal definition of "cocaine base" rather than scientific evidence, the district court rejected his conslusion that the substances Edwards possessed were crack. 294 F.Supp.2d at 957. Moreover, Edwards' expert, Dr. Michael Evans, agreed with Dr. Defrancesco that the substances were cocaine base in the chemical sense but testifed that they did not constitute crack. Likewise, in the case of Petitioner,

5.

the Court's legal conclusion in this case is in clear error because the government did not prove that the substance distributed was smokable and it did not prove that it was crack. Therefore, at the very least, the Petitioner is entitled to an evidentiary hearing. In the instant case, the stipulation did nothing to eliminate the effects of counsel's ineffectiveness, it only proves that had counsel act otherwise, then Petitioner would not have been sentenced based upon inaccurate information concerning the true nature of the substance.

In <u>Turner v. Chicago Housing Authority</u>, the court held that a motion for reconsideration is appropriate where court has misunderstood party, made decision outside adversarial issues presented to court by parties, made error not of reasoning but of apprehension, and where legal error has been committed due to misadvertance or misapprehension. <u>Id.</u> at 926. Further, where timely motion is filed, court may enlarge issues beyond those raised by movant. <u>Id.</u>

### CONCLUSION

For the reasons stated, Petitioner, Derrick T. Cooks, respectfully requests this Honorable Court reconsider and amend its decision entered on August 16, 2007, and grant the relief requested in Petitioner Motion for Post-Conviction Relief; that is, make findings of facts to conclude that counsel rendered his services ineffective when he had Petitioner to stipulate to the government's evidence at trial affecting his substantial rights under due process of law, whereby, the Petitioner received an enhanced sentence based upon inaccurate information.

Dated: this August 25, 2007.

Respectfully submitted,

_Derrick Cooks_
Derrick T. Cooks

6.

### CERTIFICATE OF SERVICE

I, Derrick T. Cooks, hereby certify that on this the 25th day of August, 2007, a true and correct copy of the foregoing:

**PETITIONER'S MOTION FOR LEAVE TO FILE CONSOLIDATED MOTION TO RECONSIDER AND/OR AMEND JUDGMENT**

by placing same in postage pre-paid sealed envelope for forwarding to the following:

Office of the Clerk
United States District Court
Central District of Illinois
Room 309
Federal Building
100 N.E. Monroe
Peoria, Il 61602

Greggory Walters
United States Attorney
Central District of Illinois
One Technology Plaza
211 Fulton Street, Suite 400
Peoria, Il 61602

which os deemed filed at the time it was presented to prison authorities for forwarding to the Court. Houston v. Lack, 101 Led.2d 245 (1988).

Dated: this the August 25, 2007.

_Derrick Cooks_
Derrick T. Cooks
Reg. No. 13084-026
Federal Prison Camp - Duluth
Inmate Mail/Parcels
P.O. Box 1000
Duluth, MN 55814

7.