**E-FILED**
Friday, 07 September, 2007  03:25:21 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DERRICK T. COOKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 07-1117 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is Petitioner Derrick T. Cooks's Motion for Leave to File a Motion to Reconsider or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e), which seeks reconsideration of the Court's denial of his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Cooks's Motion for Leave to File is GRANTED. For the reasons set forth below, Cooks's Motion to Reconsider or Amend Judgment [#17] is DENIED.

## DISCUSSION

A timely motion pursuant to Rule 59(e) effectively is a motion for reconsideration. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996). Furthermore, it is not appropriate to argue matters that could have been raised in prior motions or to rehash previously rejected arguments in a motion to reconsider. *Id.* at 1270.

Cooks contends that the Court misapplied *United States v. Trice*, 484 F.3d 470 (7th Cir. 2007), to his claim that his trial counsel unreasonably advised him to enter into a stipulation that the controlled substance underlying the criminal charges was 39.3 grams of cocaine base (crack). He asserts that the facts in his case and those in *Trice* are distinguishable because the defendant in *Trice* entered a guilty plea rather than agreed to a stipulation.

The Court finds no merit to Cooks's contention. Although *Trice* involves a guilty plea, the claim of ineffective assistance of counsel in *Trice* is nearly identical to Cooks's claim. Cooks argues that he received ineffective assistance of counsel because he was not informed that possession of crack cocaine carries harsher penalties than possession of other forms of cocaine. Cooks presents no new evidence to indicate that the sentence would have been different if the Government had to prove that the substance was crack cocaine. Additionally, Cooks has made no genuine allegation that the substance was anything other than crack cocaine.

Cooks cites *United States v. Edwards*, 397 F.3d 570 (7th Cir. 2005), to support his contention that a distinction exists between crack cocaine and cocaine base for the purpose of federal Sentencing Guidelines. However, this case is inapposite because Cooks stipulated that substance was 39.3 grams of crack cocaine. This stipulation made it unnecessary for the Government to provide evidence that the substance was crack cocaine rather than some other form of cocaine base, as was at issue in *Edwards*.

Therefore, the Court finds that the Order Denying the Petition for Writ of Habeas Corpus contained no manifest error of law. Additionally, Cooks presents no new evidence for the Court to consider.

- 3 -

Because Cooks has not identified any manifest errors of law or fact or brought forth newly discovered evidence meriting a different result, his Motion for Reconsideration pursuant to Rule 59(e) must fail.  Therefore, the Motion is denied.

**CONCLUSION**

For the reasons set forth herein, Cooks's Motion to Reconsider or Amend Judgment pursuant to Fed. R. Civ. P. 59(e) [#17] is DENIED.

ENTERED this 7th day of September, 2007.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge