

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DERRICK T. COOKS, | * | USCA 7 No:_____ |
| Petitioners, | * | |
| | * | |
| vs. | * | Docket Court number<br>Case No. 07-1117 |
| | * | |
| UNITED STATES OF AMERICA, | * | District Court Judge<br>Michael M. Mihm |
| Respondent. | * | |
| | * | |

### PETITIONER'S BRIEF IN SUPPORT OF MOTION
### FOR CERTIFICATE OF APPEALABILITY

An appeal from a denial of a 28 U.S.C. § 2255 motion is governed by 28 U.S.C. § 2253.  28 U.S.C. § 2253(a) states that:

> In a habeas corpus proceeding under §2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit which the proceeding is held.

28 U.S.C. § 2253(c)(2) states that "a certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." Paragraph (3) goes on to states that "the certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2)."

In Barefoot v. Estelle, 463 U.S. 880, 893 (1983), the Supreme Court stated that a certificate of appealability should be granted if the petition for habeas corpus raises issues which involve the denial of a federal right and are

debatable among jurists of reason, or such that a court could resolve the issues differently.

Moreover, a COA may be issued only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard requires Petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In constrast, when a district court denies a § 2255 motion on procedural grounds without reaching the applicant's underlying constitutional claims on the merits, a certificate of appealability should issue under § 2253(c) when "the prisoners shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Although Petitioner need not demonstrate a likelihood of success on the merits, he must prove "something more than the absence of frivolity or the existence or mere good faith." Miller-El v. Cockrell, 123 S.Ct. 1029, 1040 (2003). More important, this Circuit's law reads that "a COA should issue unless the claims are 'utterly without merit.'" See Jefferson v. Welborn, 222 F.3d 286, 289 (7th Cir. 2000).

In the case at bar, the issues which Petitioner seeks to have certified for appealability is whether he was denied effective assistance of counsel, pursuant to the Sixth Amendment, when his trial counsel erroneously stipulated that the controlled substance was 39.3 grams of cocaine base (crack); and when he failed, at sentencing, to challenge the PSR's findings of 39.3 grams of cocaine base (crack).

2.

A.  **LEGAL STANDARD**

It is well established that a criminal defendant has a Sixth Amendment right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 688, 104 S.Ct. 2052 (1984). Generally, to prevail on a claim of ineffective assistance of counsel, the defendant must establish two factors: (1) deficient performance by trial or appellate counsel; and (2) but for said deficient performance, the outcome of the case would have been different (i.e., prejudice). Id. In certain cases, where there has been a complete failure of counsel, the defendant is relieved of proving the second prong of the Strickland test because prejudice is presumed. See generally, United States v. Cronic, 466 U.S. 648 (1984).

In his Motion filed pursuant to 28 U.S.C. §2255, and Memorandum of Law in Support, Petitioner argued that he received ineffective assistance of counsel both at trial and at sentencing because his attorney unreasonably advised him to enter into a stipulation that the controlled substance was 39.3 grams of cocaine base (crack) and that his attorney also failed to challenge the findings of the PSR based upon the determination that the substance was 39.3 grams of cocaine base (crack).

In their Response, the Government argued that both the conduct of Petitioner's counsel in advising Petitioner to stipulate to drug type and weight was resonable (and in fact prudent trial strategy under the circumstances) and that Petitioner had failed to establish that he was prejudiced.

The District Court ultimately concluded that Petitioner "has not claimed the existence of evidence that the drug involved in his criminal case was not

3.

crack cocaine, nor has he genuinely alleged that it was anything other than crack cocaine .... Had Cooks not stipulated that the substance was crack, the Government would have called the forensic scientist who examined 36.8 of the 39.3 grams of the drug and concluded that it was cocaine base. Given Cooks' stipulation to the drug type and weight at trial, an objection to those issues at sentencing would have been frivolous. and for the same reasons Cooks cannot show prejudice with respect to the stipulation at trial, he cannot demonstrate prejudice in the context of his sentencing hearing." In sum, the District Court concluded that, "there are only two types of cocaine base: crack cocaine and unprocessed, raw cocaine base found in South America, and accordingly, his claim must fail."

In United States v. Stadler, 696 F.2d 59, 62 (8th Cir. 1982), the Eighth Circuit held that, to ensure that the agreement to such a stipulation, the responsibility rest with the district court to ensure that stipulations are made knowingly and intelligently. See also United States v. Mulloy, 3 F.3d 1337, 1341 (9th Cir. 1993)(standard for determination of constitution validity is more lenient when conviction is obtained upon stipulated facts than when conviction is based upon plea).

In the case of the Petitioner, the District Court, relying upon United States v. Trice, 484 F.3d 470 (7th Cir. 2007); citing: United States v. Gray, 182 F.3d 762, 768 (10th Cir. 1999), determined that, because Petitioner had not claimed the existence of evidence that the drug involved in his criminal case was crack cocaine, nor genuinely alleged that it was anything other than crack cocaine. "Under Trice and Gray, this is fatal to his claim."

4.

B.  ANALYSIS

The cases cited in Petitioner's Memorandum of Law in Support of his verified filing under § 2255 clearly set forth his contradictions that the substance that he possessed was in fact cocaine, rather than, crack cocaine (base).

In Trice, each of the defendants in that case pled guilty. Petitioner, on the other hand, did not, and he proceeded on to trial. Trice is disstinguishable in every since of the word, therefore, the District Court erred in its analogy in this regard. Further, in United States v. Broce, 488 U.S. 563, 570 (1989), the Supreme Court affirmed the premise that by pleading guilty, the defendant admits all of the elements of the charged crime. See e.g., United States v. Gonzales-Alvarez, 277 F.3d 73, 79-80 (1st Cir. 2002)(defendant's guilty plea encompassed admission of all factual elements, even those not precisely known to defendant). On the other hand, courts have held that a stipulation of facts was not a de facto guilty plea, and court had to establish that defendant voluntarily and knowingly agreed to the stipulation. United States v. Lawson, 682 F.2d 1012, 1015 (D.C. Cir. 1982)(stipulation not equivalent to guilty plea because defendant stipulated only to what witnesses would have said, **not to veracity of their testimony**).

In United States v. Edwars, 397 F.3d 570 (7th Cir. 2005), a case decided after Petitioner's appeal was decided, but coming into view during the pendency of the habeas proceedings; wherein, Petitioner raised the veracity of the substance, the Seventh Circuit determined that "All crack is cocaine base but not all cocaine base is crack." Id., at 571. The Seventh Circuit held in Edwards that, "this case presents the question of whether this distinction is

5.

meaningful for purposes of the enhanced penalties for cocaine base offense under 21 U.S.C. § 841(b)." The statute prescribes a mandatory minimum sentence of ten years for the manufacture, distribution, or possession with intent to manufacture or distribute 50 grams or more of "cocaine base."

In Edwards' case, he offered pleas of guilty while reserving his right to contest the nature of the substances involved; he admitted they contained cocaine but denied it was either cocaine base or crack. The district court held that Edwards' pleas were knowing and voluntary but deferred accepting them to avoid triggering his immediate detention and to await determination of the nature of the substance at an evidentiary hearing. At the subsequent hearing the government's expert, Dr. James Defrancesco, testified that on the basis of laboratory testing, the substances were crack cocaine, basing this conclusion not on scientific tests or expert examination but on the definition in the Sentencing Guidelines, which reads:

> "Cocaine base," for the purposes of this guideline, means "crack."
> "Crack" is the street name for a form of cocaine base, usually
> prepared by processing cocaine hyrochloride and sodium bicarbonate,
> and uaually appearing in a lumpy, rocklike form.

397 F.3d at 572.

More important, as the Court found, because Defrancesco relied exclusively on the legal definition of "cocaine base" rather than scientific evidence, the district court rejected his conclusion that the substance Edward possessed were crack. Edwards, 294 F.Supp.2d at 957. Moreover, Edwards' expert, Dr. Michael Evans, agreed with Dr. Defrancesco that the substances were cocaine base in the chemical sense but testifed that they did not constitute crack. Likwise, in the case of the Petitioner, the District Court's legal conclusion is in error

6.

because the government did not prove beyond a reasonable doubt that the substance Petitioner did possess was smokable and it did not prove that it was crack. As clearly noted by the Seventh Circuit in Edwards, "Whatever the merits of distinction, it is clear that Congress intented the enhanced penalties to apply to crack cocaine and the lesser penalties to apply to all other forms of cocaine." Id., at 574.

In the case at bar, Petitioner urges as a basis for support the Seventh Circuit's analysis in Edwards that "cocaine base" and "cocaine" are scientifically synonymous. Therefore, the District Court erred when it failed to conduct an evidentiary hearing on Petitioner's claim of ineffective assistance of counsel; whereby, on the erroneous advice of counsel, Petitioner was duped into a stipulation of facts, thereby, unknowingly and unintelligently waiving his rights to contest the evidence used against him at sentencing. In the instant case, Petitioner contends that, the stipulation did nothing to eliminate the Government's proof at trial, and sentencing, it only proves that had counsel acted otherwise, then Petitioner would not have been sentence based upon the enhance penalties under 21 U.S.C. § 841(b).

## CONCLUSION

In the case at bar, Petitioner believes that "reasonable jurists" (i.e., an actual jury) hearing the evidence before Judge Mihm would have easily sided with him. Apparently, the Supreme Court has decided to hear oral argument on this very issue in the case of Kimbrought v. United States, Doc.No. 06-6330, Oct. 1, 2007. Nevertheless, based upon the foregoing argument and the evidence presented by Petitioner in the case of Edwards, he respectfully submits that the

7.

issues presented are debatable among jurists of reason such that the Court of Appeals for the Seventh Circuit could resolve this matter differently. Accodingly, Petitioner requests that this Honorable Court issue a certificate on the issues presented.

Respectfully submitted,

*Derrick J. Cooks*,
Derrick T. Cooks

### CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of October, 2007 a true and correct copy of the foregoing:

**PETITIONER'S BRIEF IN SUPPORT OF MOTION
FOR CERTIFICATE OF APPEALABILITY**

was sent, postage pre-paid, to:

Greggory Walters
United States Attorney
Central District of Illinois
One Technology Plaza
211 Fulton Street, Suite 400
Peoria, Il 61602

*Derrick J. Cooks*,
Derrick T. Cooks
Reg. No.: #13084-026
Federal Prison Camp - Duluth
Inmate Mail/Parcels
P.O. Box 1000
Duluth, MN 55814

8.