UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DERRICK T. COOKS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 07-1117 |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

## ORDER

Before the Court is Petitioner Derrick T. Cooks's Motion for Certificate of Appealability and Motion to Proceed on Appeal In Forma Pauperis. For the reasons stated below, Cooks's Motion for Certificate of Appealability [#21] is DENIED, and Cooks's Motion to Proceed on Appeal In Forma Pauperis [#25] is GRANTED. Cooks's Motion to Proceed on Appeal In Forma Pauperis [#19] is DENIED AS MOOT.

### DISCUSSION

A.   Certificate of Appealability

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2253 requires a certificate of appealability in cases arising under 28 U.S.C. § 2255. A certificate may issue only if the applicant makes "a substantial showing of the denial of a constitutional right," and any certificate issued must specify which claim or claims merit appellate review. 28 U.S.C. § 2253(c).

In denying Cooks's § 2255 motion, the Court concluded that even if it found that Cooks's trial counsel acted unreasonably by not informing Cooks that the Sentencing Guidelines punish possession of crack more harshly than possession of other forms of

cocaine, Cooks failed to make a competent showing that the substance he possessed was anything other than crack cocaine. The Court also found that two law enforcement officials were prepared to testify that the substance in Cooks's possession was crack cocaine. Additionally, the Court concluded that Cooks could not show prejudice in the context of the sentencing hearing.

In considering whether to issue a certificate of appealability, the Court cannot find that Cooks made a substantial showing of the denial of a constitutional right, as none of Cooks's claims present issues debatable among jurists of reason under the present state of the law. Aside from Cooks's bald allegation that the substance he possessed was some form of cocaine other than crack cocaine, he has not claimed that any evidence exists that would show that the substance was not crack cocaine. Accordingly, Cooks makes no genuine argument that his sentence would have been different if the Government had to prove that the substance was crack cocaine.

Finding no issue in this proceeding that warrants appellate review, the Court cannot in good faith issue a certificate of appealability.

B.    Motion to Proceed on Appeal In Forma Pauperis

Before granting Cooks's Motion to Proceed In Forma Pauperis, this Court must determine whether his appeal is in good faith. 28 U.S.C. § 1915(a)(3). To find that the appeal is in good faith, this Court must find that "A reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). Although the Court declines to issue a Certificate of Appealability, a reasonable person could suppose that Cooks's appeal of this Court's decision on the merits is not frivolous.

A review of Cooks's trust fund ledgers does not indicate such a substantial income that automatically would preclude him from proceeding in forma pauperis.

Therefore, Cooks may proceed on appeal in forma pauperis.

### CONCLUSION

For the reasons set forth above, Cooks's Motion for Certificate of Appealability [#21] is DENIED, and Cooks's Motion to Proceed on Appeal In Forma Pauperis [#25] is GRANTED.  Cooks's Motion to Proceed on Appeal In Forma Pauperis [#19] is DENIED AS MOOT.

ENTERED this 19th day of December, 2007.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge